## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF MARYLAND

_____

| | |
|---|---|
| **RANDALL JONES** | ) |
| 2170 Ambleside Court | ) |
| Frederick, Maryland 21702 | ) |
| Frederick County | ) |
| | ) |
| and | ) |
| | ) |
| **RENELL JONES** | ) |
| 2170 Ambleside Court | ) |
| Frederick, Maryland 21702 | ) |
| Frederick County | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  Case No. |
| | ) |
| **CHOICE HOTELS INTERNATIONAL, INC.** | ) |
| <u>Principal Place of Business:</u> | ) |
|     10750 Columbia Pike | ) |
|     Silver Spring, Maryland 20901 | ) |
| <u>Registered Agent:</u> | ) |
|     United States Corporation Company | ) |
|     11 East Chase Street | ) |
|     Baltimore, Maryland 21202 | ) |
| | ) |
| Defendant. | ) |
| | ) |

_____)

## <u>COMPLAINT</u>

Plaintiffs Randall Jones and Renell Jones (collectively, "Plaintiffs" or the "Joneses"), by their undersigned attorneys, hereby sue Defendant Choice Hotels International, Inc. ("Choice Hotels") stating as follows:

## <u>PARTIES</u>

1.    Plaintiff Renell Jones is a resident of the State of Maryland.  Mr. Renell Jones

1

graduated from James Madison University with a full athletic scholarship and was a Marine Corps officer for four years and enlisted for a total of seven years.  Plaintiff Renell Jones is African American.  Plaintiff Renell Jones' current home address is 2170 Ambleside Court, Frederick, Maryland 21702, which is located in Frederick County.

2.      Plaintiff Randall Jones is a resident of the State of Maryland.  Mr. Randall Jones attended the University of Maryland, where he was an all-star quarterback.  He continues to pursue his degree and is expected to soon graduate.  Plaintiff Renell Jones is African American.  Plaintiff Randall Jones' current home address is 2170 Ambleside Court, Frederick, Maryland 21702, which is located in Frederick County.

3.      Defendant Choice Hotels International, Inc. ("Choice Hotels") is a Delaware corporation with its principal place of business at 10750 Columbia Pike, Silver Spring, Maryland 20901.  Defendant Choice Hotels is engaged in providing (*inter alia*) goods/services in the hotel/motel industry.  Defendant Choice Hotels has numerous affiliates/agents through which it conducts business, including the Comfort Suites hotel chain.  Defendant Choice Hotels actively markets and/or promotes its services in the State of Maryland (including but not limited to Frederick County) and regularly solicits business from residents in the State of Maryland (including but not limited to Frederick County).  Defendant Choice Hotels–but not Comfort Suites–is registered to do business in Maryland and has a resident agent in Maryland.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331 (federal question jurisdiction).  Plaintiffs' claims primarily involve alleged violations by the Defendant of Plaintiffs' federal rights under 42 U.S.C. §1981 and 42 U.S.C. §1982.  This Court has jurisdiction

over Plaintiffs' remaining state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

5.      This Court has personal jurisdiction over Defendant Choice Hotels since Defendant Choice Hotels has its principle place of business in Maryland and, thus, Choice Hotels is a citizen and resident of Maryland with sufficient contacts so as to not offend constitutional principles of due process.

6.      Pursuant to 28 U.S.C. Section 1391(c), Defendant Choice Hotels resides in any judicial district in which it is subject to personal jurisdiction.  Since Defendant Choice Hotels is subject to personal jurisdiction in this judicial district, Defendant Choice Hotels (the only named defendant) is deemed to reside in this judicial district and this venue is proper.

## FACTS RELATING TO THE DISPUTE

7.      Prior to reserving and occupying a room at the Defendant's hotel, Plaintiffs had recently moved back home to the State of Maryland and did not have a permanent domicile at which to reside.  Accordingly, on or about February 7, 2006, Plaintiffs checked into the Comfort Suites hotel (an agent/subsidiary of the Defendant ), which is located at 1801 Dual Highway, Hagerstown, Maryland 21740 (the "hotel").  Plaintiffs occupied the same room at the Defendant's hotel from February 7, 2006 until February 27, 2006.

8.      At the time that Plaintiffs checked into the Defendant's hotel, Plaintiffs entered into a contractual agreement with the Defendant whereby Plaintiffs agreed to pay the reasonable costs (approximately $67 per night) of renting a room for the duration of their stay and, in exchange, the Defendants agreed to furnish Plaintiffs with a room for the duration of their stay.  In regard to room reservations and/or availability, the Defendant's stated policy was to give preferential treatment and/or priority to current hotel guests over incoming or new hotel guests.

3

9.      During the duration of their almost three-week stay, Plaintiffs always paid their bill on time (or early), never had any complaints lodged against them by other guests, and were on friendly terms with a number of the Defendant's lower-level employees who were working at the hotel.  However, during the course of their stay at the Defendant's hotel, at least one of Defendant's managerial agents/employees approached the Plaintiffs and interrogated them about the expensive car they drove, the late hours they kept, and their use of the hotel's back door.  Plaintiffs explained to this agent/employee of the Defendant that Plaintiffs were managers of a local sports bar (and were in the process of purchasing it) and that they used the back door because that was the closest door to their room from the parking lot.

10.     Nevertheless, on or about February 27, 2006, at approximately 10:30 a.m., Ms. Denise Yeager (an employee/agent of the Defendant) came to the Jones' hotel room and demanded that they vacate the premises.  During the discussion that ensued, the only reason that Ms. Yeager ever gave for demanding the Plaintiffs' ejection was that there were "no more rooms available" and the room had to be made available for new guests who were arriving that day.  Ms. Yeager never offered another room to the Plaintiffs or otherwise suggested that alternative accommodations within the hotel could or would be provided to the Plaintiffs.  Although Plaintiffs did not believe that they were being kicked out because of the reason stated by Ms. Yeager, Plaintiffs refrained from making a scene and peacefully removed themselves from the premises within a reasonable time frame.

11.     However, subsequent to Plaintiffs being told that they had to vacate the Defendant's hotel, Plaintiffs attempted to conduct a personal inquiry into what had transpired and discovered that numerous other rooms (suited for two or more persons) were available at the Defendant's hotel at the time that Plaintiffs were forced out and that rooms were available for other days throughout that

4

same week as well.  Furthermore, Plaintiffs also attempted to ask some of the Defendants' employees questions about what had transpired and to obtain the names of these employees, however, these employees of the Defendant removed their name tags so that the Plaintiffs could not properly identify these agents/employees of the Defendant.  Moreover, in response to the Plaintiffs' questions, one of the Defendant's agents/employees told  the Plaintiffs that, when it comes to African-American hotel guests, Ms. Yeager "assumes a lot of stuff."

12.     Prior to being kicked out of the Defendant's hotel, Plaintiffs were never informed or put on notice by Defendant that Plaintiffs would be forced to leave or vacate the premises due to housekeeping issues.  In fact, prior to being kicked out, Plaintiffs had discussions with the Defendant's housekeeping staff and Plaintiffs informed the Defendant's housekeeping staff that the Plaintiffs worked late hours and, thus, preferred that housekeeping be performed after 11:00 a.m.  No objections were ever made by Defendant (and/or its agents/employees) as to this housekeeping arrangement.  Moreover, the Defendant hotel provides its guests with the option of placing a "Do Not Disturb" sign on the door knob of the guest's room so as to prevent housekeeping from disturbing the peace and tranquility of its guests.

13.     Defendant had no right nor good-faith basis for demanding that Plaintiffs  vacate the premises on February 27, 2006.  Furthermore, the circumstances surrounding Plaintiffs' ouster, including but not limited to the interrogation to which they were subjected and the falsity of the Defendant's stated justification for their ejection, demonstrate that Defendant did so based upon unfounded assumptions about the Plaintiffs, namely, that the Plaintiffs were unsavory characters engaged in unsavory business affairs, such as pimping or drug dealing.  Based upon the foregoing, it is highly unlikely that the Plaintiffs would have been subjected to the same type of interrogation

5

and kicked out of their room that they had paid for if the Plaintiffs were Caucasion rather than African-American. Thus, the Plaintiffs' race was the primary–and perhaps the sole–factor for the Defendant's agents/employees' actions, including their interrogation of the Plaintiffs, their unfounded assumptions, and finally their decision to eject Plaintiffs from the room that they had timely paid for without fail.

## <u>COUNT I</u>
### (42 U.S.C. §1981)

14.    Paragraphs 1-13 are incorporated herein by reference.

15.    Pursuant to 42 U.S.C. §1981, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

16.    Based upon the foregoing, Defendant had no good-faith nor legitimate basis for kicking Plaintiffs out of their hotel room and its decision to do so was based primarily–or solely– upon Plaintiffs' race.

17.    As a proximate and foreseeable result of the Defendant's actions, Plaintiffs have had their civil rights violated and they have been humiliated and embarrassed.

18.    Based upon the foregoing, the Defendant's knowingly, intentionally and maliciously violated Plaintiffs' civil rights under 42 U.S.C. §1981. Moreover, it is common knowledge that federal and/or constitutional law protects the civil rights of this country's citizens and that it is unlawful to discriminate against citizens of this country on the basis of race in public

6

accommodations.

WHEREFORE, Plaintiffs Renell and Randall Jones demand judgment against Defendant Choice Hotels International, Inc. for compensatory damages in the amount of $200,000.00, punitive damages in the amount of $500,000.00, pre-judgment and post-judgment interest, costs, attorneys' fees, and any other relief this Court deems proper.

### COUNT II
### (42 U.S.C. §1982)

19.     Paragraphs 1-18 are incorporated herein by reference.

20.     Pursuant to 42 U.S.C. §1982, "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

21.     Based upon the foregoing, Defendant had no good-faith nor legitimate basis for kicking Plaintiffs out of their hotel room and the Defendant's decision to do so was based primarily–or solely–upon Plaintiffs' race.

22.     As a proximate and foreseeable result of the Defendant's actions, Plaintiffs have had their civil rights violated and they have been humiliated and embarrassed.

23.     Based upon the foregoing, the Defendant's knowingly, intentionally and maliciously violated Plaintiffs' civil rights under 42 U.S.C. §1982.  Moreover, it is common knowledge that federal and/or constitutional law protects the civil rights of this country's citizens and that it is unlawful to discriminate against citizens of this country on the basis of race in public accommodations.

WHEREFORE, Plaintiffs Renell and Randall Jones demand judgment against Defendant

7

Choice Hotels International, Inc. for compensatory damages in the amount of $200,000.00, punitive damages in the amount of $500,000.00, pre-judgment and post-judgment interest, costs, attorneys' fees, and any other relief this Court deems proper.

## COUNT III
### (Defamation)

24.     Paragraphs 1-23 are incorporated herein by reference.

25.     On or about April 7, 2006, Defendant's authorized agent published the following statements to NBC News Channel 25: "We've read the allegations they sent to the attorney generals office, and we believe **the allegations are totally false and the Jones' know that**. We're waiting to hear from their lawyer. There are a substantial number of people and documents that will show what the Jones' had alleged is false."  Defendant Choice Hotels had no good-faith basis for such statements.

26.     The Defendant knew or should have known at the time it made its statements to NBC News Channel 25 that the statements would be published during NBC's nightly news broadcasts, and the Defendant's statements were in fact published during NBC News Channel 25's five o'clock and eleven o'clock broadcasts on April 7, 2006.

27.     Taken in the context of NBC News's report on the Plaintiffs' potential lawsuit against the Defendant, the Defendant's published statements unequivocally asserted that Plaintiffs were knowingly making false assertions to support their claims against the Defendant for violations of their civil rights and/or that Plaintiffs were attempting to extort money from the Defendant through such false allegations.

28.     Defendant's statements, which accuse Plaintiffs of being liars, cheats and/or

8

extortionists, would tend to expose one to public scorn, hatred, contempt or ridicule.  Defendant published its statements to third parties who would reasonably recognize the statements as being defamatory.

29.     Defendant made these false statements negligently, with reckless disregard for the truth of the statements and/or with actual knowledge of the falsity of the statements.

30.     Defendant's statements were defamatory per se and made with constitutional malice and, thus, Plaintiffs need not prove special damages and are entitled to punitive damages. To the extent that Defendant's statements were not defamatory per se and/or made with constitutional malice, Defendant's statements have caused Plaintiffs to suffer harm to their reputations in their community as upstanding and honest citizens and businessmen, as well as embarrassment and humiliation.

WHEREFORE, Plaintiffs Renell and Randall Jones demand judgment against Defendant Choice Hotels International, Inc. for compensatory damages in the amount of $50,000.00, punitive damages in the amount of $200,000.00, pre-judgment and post-judgment interest, costs, attorneys' fees, and any other relief this Court deems proper.

## COUNT IV
### (Invasion of Privacy–False Light)

31.     Paragraphs 1-30 are incorporated herein by reference.

32.     On or about April 7, 2006, Defendant published false statements about Plaintiffs that accused Plaintiffs of being liars, cheats and/or extortionists.

33.     Defendant's statements placed Plaintiffs in a false light or position by attributing to Plaintiffs characteristics, conduct and/or beliefs which were false.

34.     Defendant made these statements with knowledge of their falsity or with reckless

9

disregard for their falsity.

35.     Defendant's statements accused Plaintiffs of being liars, cheats and/or extortionists and, thus, these statements were made in a manner that would be highly offensive to a reasonable person under the circumstances.

36.     Defendant's statements have caused Plaintiffs to suffer harm to their reputations in their community as upstanding and honest citizens and businessmen, as well as embarrassment and humiliation.

37.     Defendant made these statements knowingly, intentionally and maliciously.

WHEREFORE, Plaintiffs Renell and Randall Jones demand judgment against Defendant Choice Hotels International, Inc. for compensatory damages in the amount of $50,000.00, punitive damages in the amount of $200,000.00, pre-judgment and post-judgment interest, costs, attorneys' fees, and any other relief this Court deems proper.

## JURY DEMAND

38.     Pursuant to Fed. R. Civ. Proc. 38, Plaintiffs Renell and Randall Jones request that all Plaintiffs' triable claims be tried before a jury.

Respectfully submitted,

/s/
_____
Roger C. Simmons, Bar No. 04363
Brian M. Maul
Gordon & Simmons, LLC
603-B West Patrick Street
P.O. Box 430
Frederick, Maryland 21701
Phone: (301) 662-9122
Fax: (301) 698-0392
Counsel for Plaintiffs Renell and Randall Jones

10